Sinforiano Burgos, Plaintiff and Appellee, *v.* Municipal Assembly of Santa Isabel, Defendant and Appellant.

No. 4161. Argued May 10, 1928.—Decided May 10, 1929.

*Leopoldo Tormes García* for the appellant. *Tomás Bernardini de la Huerta* for the appellee.

Mr. Justice Wolf delivered the opinion of the court.

Sinforiano Burgos was a justice of the peace in the municipality of Santa Isabel, to which office he was appointed on the 24th day of July, 1926. He took possession of the office on the 2nd of August, 1926, and was actively in the exercise thereof when the facts that led to this suit, it may be said, arose.

Under color of the budget passed on the 27th of June, 1926, for the fiscal year 1926–27 and approved by the Municipal Assembly of Santa Isabel, the said Sinforiano Burgos was receiving a salary of $60 a month.

On the 7th of October, 1926, the municipal assembly met again and, by reason of the action of the Auditor of Porto Rico, reconsidered the budget and reduced the salary of Burgos from $60 to $30 a month. Thereupon Sinforiano Burgos presented an application for a writ of certiorari to the District Court of Guayama which decided in his favor and the appeal is from the judgment so rendered.

Perhaps the principal theory of the appellant is that although the municipal assembly had passed a budget in June,

the said budget could not be considered effective and lawful until the Auditor of Porto Rico had lent his approval to the same.

This court has had occasion to consider some of the powers of the auditor and, of course, if the budget did not depend upon the approval of the auditor there could be no question that the municipality would be absolutely bound to pay the salary fixed in June, and that in October there was no power under the circumstances to reconsider it so far as salaries are concerned. As has happened in other cases, the extent of the powers of the Auditor of Porto Rico by virtue of section 20 of the Organic Act, as amended, has not been fully presented to this court. In the instant case we do not find it necessary to attempt to determine it, because, assuming the control of the auditor over a municipal budget, we can not and do not hold that the defendant municipality was under any necessity, by reason of the auditor's action, to reduce the salary of the petitioner and appellee.

The District Court of Guayama to a great extent based its decision on section 36 of the Municipal Law as it stood on the 22nd of August, 1925:

"The administrative officials and permanent employees of the municipality shall have and be paid as sole compensation such salaries as may be fixed in each budget, which salaries shall neither be increased nor diminished during the course of any fiscal year." Session Laws 1925, p. 712.

The court very properly held that a previous law limiting the salary of justice of the peace to $30 a month was no longer in force. Among other things, the court said:

"We shall not consider the right of the defendant assembly to amend its ordinances and resolutions. Undoubtedly it has such a right, but its right or power may be and should be exercised without violating or infringing any other provision of law."

The court had in mind section 36, *supra,* but the principle is applicable, we think, even supposing that the budget was dependent upon the approval of the auditor.

There was some correspondence between the Auditor of Porto Rico and the secretary of the municipality of Santa Isabel showing that the auditor was aware of the provisions of section 36 of the Municipal Law wherein salaries could not be increased or diminished and still said that salaries could be reduced inasmuch as on August 6th he, the said auditor, had already drawn the attention of the municipality to the fact that the budget contained an inflation of $4,416.84. Now, it transpired that the municipality was able to convince the auditor that the deficit was less than at first thought and the auditor subsequently approved the budget with certain deductions wherein the only salaries touched or affected were those of the justice of the peace, the petitioner in this case, and his secretary.

The original letter of the auditor did not limit the reductions that the municipality should make to salaries, nor was his original letter directed against Burgos in particular. The assembly chose to make the reductions against the salaries of the petitioner and his secretary. There was no attempt at a readjustment by deducting other things. It would appear that some slight items were increased. The petitioner had taken possession of his office by virtue of the salary assigned to him. The action of the auditor was not specifically directed against him, and we feel bound to hold that the action of the auditor in drawing attention to the inflation could not be held to affect the salary of the petitioner which had already begun to run. We are excluding cases, of course, where extravagant salaries should be fixed by municipalities and the action of the auditor is specifically directed to them. The approval of the auditor to the last budget made by the municipality, in which the salary was reduced, will not prevent the municipality from being responsible for the difference in salary to which the petitioner was entitled by the approval of the original budget. The municipality may be compelled to pay just as it would for any other case not expressly dissallowed by the auditor. As we have indicated

before, we are not deciding, once a budget is approved and signed by the mayor, whether the action of the auditor could prevent the payment of reasonable salaries fixed in the said budget.

The judgment appealed from will be affirmed.